# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**                                                **Case No:   6:19-cv-2169-Orl-31GJK**

**ROBERT POSEY and REBECCA POSEY,**

       **Defendants.**

## REPORT AND RECOMMENDATION[1]

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST ROBERT POSEY AND REBECCA POSEY (Doc. No. 11)** |
| **FILED:** | **January 22, 2020** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

On November 14, 2019, the United States of America filed a Complaint against Defendants Rebecca and Robert Posey seeking to reduce to judgment unpaid federal income tax liability for tax years 2005-2008, 2014-2016, and for tax years 2009-2013 for Defendant Robert Posey only. Doc. No. 1. Count I is alleged against both Defendants for returns filed in 2005-2008 and 2014-2016. *Id.* Count II is alleged against Defendant Robert Posey for failing to file tax returns in 2009-2011 and 2013, as well as 2012 when he filed as a married taxpayer filing separately from

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

his spouse. *Id.* at 4-6. The United States alleges Defendants owe unpaid taxes and penalties for the self-reported returns filed for 2005-2014 and 2016. *Id.* at 2-6. For 2015, the IRS made an additional assessment due to an excess Advance Premium Tax Credit Defendants received. *Id.* at 4. The United States alleges Defendant Robert Posey owes tax, penalties, and interest for the returns he failed to file in 2009-2011 and 2013, as well as 2012 when he filed as a married taxpayer filing separately from his spouse. *Id.* at 4-6.

On November 25, 2019, Defendants were served via substitute service on their son at their usual place of abode. Doc. Nos. 6 and 7. On January 3, 2020, the United States filed a Motion for Entry of Clerk's Default. Doc. No. 8. On January 8, 2020, the Clerk entered a default against both Defendants.

On January 22, 2020, the United States filed a Motion for Default Judgment ("the Motion") pursuant to Federal Rule of Civil Procedure 55(b). Doc. No. 11. In the Motion, the United States states a delegate of the Secretary of the Treasury provided Defendants with notice of the unpaid liabilities and demanded payment. *Id.* at 4, 6, 7; Doc. No. 11-1. In support of the Motion, the United States attaches the affidavit of Revenue Officer Sherrie L. Douglas and copies of the tax assessments. Doc. No. 11-1.[2] The United States seeks default judgment against Defendants, jointly and severally, in the amount of $145,558.04 as of January 21, 2020, plus statutory interest arising thereafter pursuant to 26 U.S.C. §§ 6621 and 6622 and 28 U.S.C. § 1961(c) for unpaid federal income tax liabilities for tax years 2005-2008 and 2014-2016 and against Robert Posey individually in the amount of $57,932.81 for tax years 2009-2013, plus the same applicable statutory interest. Doc. No. 11 at 1-2.

The mere entry of a default by the Clerk does not in itself warrant the entry of a default

---

[2] The Motion was sent to Defendants via first class mail . Doc. No. 11 at 11.

judgment by the Court. Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206). "As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1129 (M.D. Ala. 2004).

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

"Before a taxpayer is subject to any tax liability, the [IRS] must first determine that a tax deficiency exists." *United States v. Navolio*, No. 6:06-cv-1461-Orl-19GJK, 2008 WL 2413956, at *2 (M.D. Fla. June 11, 2008). A deficiency "'is the amount of tax imposed less any amount that may have been reported by the taxpayer on his return. Where there has been no tax return filed, the deficiency is the amount of tax due.'" *Id.* (quoting *Laing v. United States*, 423 U.S. 161, 173-74 (1976)). If the IRS determines that there is a deficiency, the IRS is authorized to send notice of such deficiency to the taxpayer pursuant to 26 U.S.C. § 6212(a). *Navolio*, 2008 WL 2413956, at *2. An "assessment" is a procedure in which the IRS "records the liability of the taxpayer in IRS files." *Id.* at *3. "[T]he mailing of a notice of deficiency is a statutory prerequisite to a valid tax assessment." *Id.* at *2 (citing 26 U.S.C. § 6213(a); *Tavano v. Comm'r*, 986 F.2d 1389, 1390 (11th Cir.1993)).[4]

Federal income tax assessments are presumed to be valid. *United States v. Chila*, 871 F.2d 1015, 1018 (11th Cir. 1989); *George v. United States*, 819 F.2d 1008, 1013 (11th Cir. 1987) ("The commissioner's determination of a tax deficiency is presumed to be correct."). Unless a taxpayer shows that the IRS computed a tax assessment arbitrarily and without foundation, the IRS's calculation of the assessment is presumptively correct. *United States v. Mathewson*, 839 F. Supp. 858, 860 (S.D. Fla.1993) (citing *Chila*, 871 F.2d at 1018).

Pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, the Court may enter default judgment against Defendant. This Court has jurisdiction pursuant to 28 U.S.C. § 1340, which provides for original jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue . . . ." By failing to answer the Complaint, Defendants are deemed

---

[4] 26 C.F.R. § 301.6203 states: "The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."

to have admitted that taxes, interest, and penalties were assessed against them, that notices of assessment and demands for payment were issued to them, and that they failed to satisfy the assessments. Furthermore, the IRS's calculation of the assessments against Defendants is presumptively correct, and Defendants have not challenged that calculation. *Chila*, 871 F.2d at 1018-19. The United States' allegations are sufficient to establish Defendants' joint and several liability to the United States for unpaid federal income tax for tax years 2005-2008 and 2014-2016 in the amount of $145,558.04 as of January 21, 2020, as well as Defendant Robert Posey's individual liability to the United States for unpaid federal income tax for tax years 2009-2013 of $57,932.81 as of January 21, 2020, plus penalties and interest. *See* Doc. No. 1; Doc. No. 11 at 1-2.

Based on the forgoing, it is **RECOMMENDED** that Motion (Doc. No. 11) be **GRANTED as follows:**

1. Direct the Clerk to enter a default judgment in favor of the United States and against Rebecca Posey and Robert Posey, jointly and severally on Count I for unpaid federal income tax for 2005-2008, and 2014-2016, in the amount of $145,558.04, as of January 21, 2020, plus penalties and interest that continue to accrue as provided by law, for which sum let execution issue; and

2. Direct the Clerk to enter a default judgment in favor of the United States and against Robert Posey on Count II for unpaid federal income tax for 2009-2013, in the amount of $57,932.81, as of January 21, 2020, plus penalties and interest that continue to accrue as provided by law, for which sum let execution issue.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives

that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

      **RECOMMENDED** in Orlando, Florida, on February 25, 2020.

<i>David A. Baker</i><br>
DAVID A. BAKER<br>
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy